| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Mitel Cloud Services, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   fka Mitel NetSolutions, Inc.

3. **Debtor's federal Employer Identification Number (EIN)**

   7 6 – 0 3 1 1 7 1 3

4. **Debtor's address**

   **Principal place of business**

   2160 W Broadway Road
   Number   Street

   Suite 103

   Mesa                          Arizona  85202
   City                          State    ZIP Code

   Maricopa
   County

   **Mailing address, if different from principal place of business**

   _____
   Number       Street

   _____
   P.O. Box

   _____
   City          State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number       Street

   _____

   _____
   City          State    ZIP Code

5. **Debtor's website (URL)**

   https://www.mitel.com/

Debtor    <u>Mitel Cloud Services, Inc.</u>        Case number *(if known)*_____
       Name

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>1</u>   <u>7</u>   <u>8</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor  Mitel Cloud Services, Inc.
_____
Name                                                        Case number (if known) _____

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                           MM / DD / YYYY

           District _____  When _____  Case number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Rider 1 _____  Relationship  Affiliates _____

           District  Southern District of Texas _____  When  03/09/2025
                                                              MM / DD / YYYY

           Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number         Street

                          _____

                          _____   _____
                          City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

**Statistical and administrative information**

Debtor    Mitel Cloud Services, Inc. _____    Case number (if known)_____
          Name

---

| 13. | **Debtor's estimation of available funds** | *Check one:* |
| --- | --- | --- |

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors¹**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets²**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities³**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| --- | --- | --- |

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/09/2025
              MM / DD / YYYY

✖ /s/ Janine Yetter _____    Janine Yetter _____
Signature of authorized representative of debtor    Printed name

Title   Authorized Signatory _____

---

¹ The Debtors' estimated number of creditors is provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.
² The Debtors' estimated assets are provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto. The Debtors' estimated assets are based on book value and are not intended to reflect fair market value.
³ The Debtors' estimated liabilities are provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor    Mitel Cloud Services, Inc.
          _____
          Name                                              Case number *(if known)*_____

---

**18. Signature of attorney**

✗  /s/ John F. Higgins
   _____          Date    03/09/2025
   Signature of attorney for debtor                  _____
                                                     MM   / DD  / YYYY

                    John F. Higgins
                    _____
                    Printed name

                    Porter Hedges LLP
                    _____
                    Firm name

                    1000        Main Street, 36th Floor
                    _____
                    Number      Street

                    Houston                              TX        77002
                    _____    _____    _____
                    City                                 State     ZIP Code

                    (713) 226-6000                       jhiggins@porterhedges.com
                    _____    _____
                    Contact phone                        Email address

                    09597500                             TX
                    _____    _____
                    Bar number                           State

---

**Rider 1**

**Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the Southern District of Texas a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*  Contemporaneously with the filing of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of MLN US HoldCo LLC.

|     | **Debtor**                               |
| --- | ---------------------------------------- |
| 1.  | Mitel Cloud Services, Inc.               |
| 2.  | MLN US HoldCo LLC                        |
| 3.  | Mitel Business Systems, Inc.             |
| 4.  | Mitel Communications Inc.                |
| 5.  | Mitel (Delaware), Inc.                   |
| 6.  | Mitel Europe Limited                     |
| 7.  | Mitel Leasing, Inc.                      |
| 8.  | Mitel Networks Corporation               |
| 9.  | Mitel Networks, Inc.                     |
| 10. | Mitel Networks (International) Limited    |
| 11. | Mitel Technologies, Inc.                 |
| 12. | Mitel US Holdings, Inc.                  |
| 13. | MLN TopCo Ltd.                           |
| 14. | MLN US TopCo Inc.                        |
| 15. | MNC I Inc.                               |
| 16. | Unify Inc.                               |

**OMNIBUS WRITTEN CONSENT
OF THE RESPECTIVE GOVERNING BODIES
OF THE UNDERSIGNED ENTITIES**

**March 9, 2025**

The undersigned, being all of the directors of each board of directors or the sole member, as applicable (each, a "Governing Body"), of the undersigned entities (each, a "Company" and collectively, the "Companies"), do hereby consent and approve in writing, as of the date first written above, pursuant to the provisions of applicable law as to each Company, and the respective organizational documents of each of the Companies, as applicable, to the adoption of the following resolutions, and each and every action shall have the same force and effect as if taken, approved or adopted by affirmative vote at a duly convened meeting of the applicable Governing Body.

**Chapter 11 Filing**

**WHEREAS**, on May 29, 2024, the boards of directors of each of MLN TopCo Ltd. ("TopCo") and Mitel Networks (International) Limited ("MNIL") each adopted resolutions approving the establishment of a committee of their respective boards of directors (each, a "Restructuring Committee") and delegated each respective Restructuring Committee with the full and exclusive power and authority of each respective board of directors to plan for and assess potential strategic alternatives in connection with a potential restructuring and reorganization of each such Company and certain of their subsidiaries and affiliates, including the prosecution of potential chapter 11 cases by each such Company and certain of their subsidiaries, as well as ancillary or parallel insolvency proceedings in various jurisdiction as may be necessary or advisable (collectively, the "Restructuring Matters").

**WHEREAS**, the various transactions and actions contemplated herein, including the commencement of chapter 11 cases and other ancillary or parallel insolvency proceedings in various jurisdictions by the Companies set forth in **Exhibit A** (each, a "Debtor Company" and collectively, the "Debtor Companies"), the Debtor Companies obtaining DIP Financing (as defined herein), and the entry into the Restructuring Support Agreement (as defined herein) by the Companies set forth in **Exhibit B** (each, a "RSA Company Party" and collectively, the "RSA Company Parties"), constitute Restructuring Matters with respect to both TopCo and MNIL (the transactions and actions described herein collectively, the "Restructuring Transactions").

**WHEREAS**, prior to the date hereof, the Restructuring Committees met, considered the Restructuring Transactions described herein, determined them to be the best interests of TopCo and MNIL, their creditors, and other parties in interest, and recommended that TopCo and MNIL authorize the Restructuring Transactions.

**WHEREAS**, the respective Governing Body of each Company has considered the financial and operational condition of such Company, including, without limitation, the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of the

Companies, the strategic alternatives available to them and the effect of the foregoing on such Company's business, and solely with respect to the Debtor Companies, the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and seeking recognition thereof in Canada under Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA").

**WHEREAS**, the respective Governing Body of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company, including the Restructuring Transactions.

**WHEREAS**, the respective Governing Body of each Debtor Company has reviewed and considered its need to employ individuals and/or firms as counsel, professionals, consultants or financial advisors to represent and assist such Debtor Company in carrying out its duties in connection with the cases under the Bankruptcy Code and the CCAA recognition proceedings.

**WHEREAS**, the Governing Body of MLN US HoldCo LLC (the "Amending Party") has determined that it is advisable and in the best interests of the respective Company, its creditors, and other parties in interest, to amend the limited liability company agreement of the Company, (i) as set forth on **Exhibit C** attached hereto (the "Organizational Document Amendment"), the terms of which hereby are incorporated by reference herein, and (ii) to be effective as of immediately prior to filing the Chapter 11 Cases (as defined below).

**WHEREAS**, the capacity of the Amending Party in respect of the Company set forth in the immediately preceding recital is referred to herein as the Amending Party's "Amending Capacity" with respect to such Company.

**NOW, THEREFORE, BE IT,**

### Restructuring Support Agreement

**RESOLVED**, that in the judgment of the respective Governing Body of each RSA Company Party, it is desirable and in the best interests of each such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the RSA Company Parties, certain consenting creditors, and other consenting parties substantially in the form presented to each such Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that Tarun Loomba, Janine Yetter, and Gregory J. Hiscock (each, an "Authorized Officer" and together the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to enter into, on behalf of each RSA Company Party, the Restructuring Support Agreement,

and to take any and all actions necessary or advisable to advance such RSA Company Party's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the Restructuring Support Agreement on behalf of each RSA Company Party and to take all necessary actions in furtherance of consummation of such agreements' terms.

**Chapter 11 Cases**

> **RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company, it is desirable and in the best interests of such Debtor Company, its creditors, and other parties in interest, that such Debtor Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

> **RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby are, authorized, empowered and directed to execute and file on behalf of each Debtor Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action such Authorized Officer deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Debtor Company's business.

**CCAA Resolutions**

> **RESOLVED**, that in the judgment of the Governing Body of Mitel Networks Corporation ("MNC"), it is desirable and in the best interests of MNC and its stakeholders, that MNC shall be, and MNC hereby is, authorized to file or cause to be filed an application to seek recognition of the Chapter 11 Cases in respect of MNC (the proceedings commenced by such application, the "Canadian Recognition Proceedings") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") under the provisions of Part IV of the CCAA.

> **RESOLVED**, that the Governing Body of MNC hereby determines that it is desirable and in the best interests of MNC and its stakeholders that, (i) subject to approval of the Bankruptcy Court, MNC acts as the foreign representative pursuant to section 45(1) of the CCAA in respect of the Chapter 11 Cases in the Canadian Recognition Proceedings, and (ii) MNC files or causes to be filed with the Bankruptcy Court or Canadian Court, as applicable, all motions, applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary to effectuate such appointment, and MNC is hereby so authorized.

> **RESOLVED**, that in connection with the commencement of the Canadian Recognition Proceedings, the Governing Body of MNC hereby (i) authorizes, adopts and approves the form, terms, and provisions of, and hereby authorizes and empowers the Authorized Officers to file or cause to be filed with the Canadian Court, any applications, motions, pleadings, and any other documents to be performed or agreed to by MNC that are

3

reasonably necessary for prosecution of and in connection with the Canadian Recognition Proceedings (collectively, the "<u>Canadian Ancillary Documents</u>"), (ii) authorizes and directs the Authorized Officers, in the name and on behalf of MNC, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof) each of the Canadian Ancillary Documents to which MNC is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause MNC to perform its obligations thereunder.

**Retention of Professionals**

> **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("<u>Paul, Weiss</u>") and Porter Hedges LLP ("<u>Porter Hedges</u>") as general bankruptcy counsel to represent and assist each such Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Porter Hedges.

> **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name and on behalf of each applicable Debtor Company, including MNC, employ the law firm of Goodmans LLP ("<u>Goodmans</u>") as Canadian counsel to each such Debtor Company, including MNC, and to take any and all actions to advance such Debtor Company's rights, including the preparation and filing of any pleadings in the Canadian Recognition Proceedings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Canadian Recognition Proceedings, and to cause to be filed an appropriate application in the Bankruptcy Court for authority to retain the services of Goodmans.

> **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ PJT Partners LP ("<u>PJT</u>") as investment banker and financial advisor to each such Debtor Company in connection with the Chapter 11 Cases and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT.

> **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ FTI Consulting, Inc. ("<u>FTI</u>") as restructuring and financial advisor to each such Debtor Company in connection with the Chapter 11 Cases and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ Stretto, Inc. ("Stretto") as notice, claims, and solicitation agent and administrative advisor to represent and assist each such Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ any other professionals to assist each such Debtor Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to, in the name of and on behalf of each applicable Debtor Company, execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each such Debtor Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company, it is desirable and in the best interests of such Debtor Company, its creditors and other parties in interest, that such Debtor Company shall be, and hereby is, authorized to obtain senior secured superpriority postpetition financing (the "DIP Financing"), subject to the approval of the Bankruptcy Court, on the terms and conditions of that certain *Debtor-In-Possession Term Loan Credit Agreement*, dated as of March 9, 2025 (the "DIP Credit Agreement"), by and among MLN TopCo Ltd., as Holdings, MNIL, as Intermediate Holdings, MLN US TopCo, Inc., as U.S. Holdings, MLN US HoldCo LLC, as Borrower, Seaport Loan Products LLC ("Seaport"), as co-administrative agent, Acquiom Agency Services LLC ("Acquiom") as co-administrative agent and collateral agent (Acquiom and Seaport collectively in such capacities, the "DIP Agent"), and the other entities from time to time party thereto substantially in the form presented to each Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Debtor Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code

(the "Cash Collateral"), which is, or may be determined to be, security for certain prepetition secured agents and lenders (collectively, the "Secured Parties") party to:

(a) that certain *Priority Lien Credit Agreement*, dated as of October 18, 2022 (as amended pursuant to that certain *Amendment No. 1 to Priority Lien Credit Agreement*, dated as of November 18, 2022, and as subsequently amended pursuant to that certain *Incremental Assumption Agreement*, dated as of November 18, 2022, and as may be further amended, restated, supplemented, waived, or otherwise modified from time to time);

(b) that certain *Second Lien Credit Agreement*, dated as of October 18, 2022 (as amended pursuant to that certain *Amendment No. 1 to Second Lien Credit Agreement*, dated as of November 18, 2022, and as may be further amended, restated, supplemented, waived, or otherwise modified from time to time);

(c) that certain *Third Lien Credit Agreement*, dated as of October 18, 2022 (as amended pursuant to that certain *Amendment No. 1 to Third Lien Credit Agreement*, dated as of November 18, 2022, and as subsequently amended pursuant to that certain *Incremental Assumption Agreement*, dated as of March 9, 2023, and as may be further amended, restated, supplemented, waived, or otherwise modified from time to time);

(d) that certain *First Lien Credit Agreement*, dated as of November 30, 2018 (as amended pursuant to that certain *Amendment No. 1*, dated as of October 22, 2020, and as subsequently amended pursuant to that certain *Amendment No. 2*, dated as of October 18, 2022, and as subsequently pursuant to that certain *Amendment No. 3*, dated as of October 18, 2022, and as may be further amended, restated, supplemented, waived, or otherwise modified from time to time); and

(e) that certain *Second Lien Credit Agreement*, dated as of November 30, 2018 (as amended pursuant to that certain *Amendment No. 1*, dated as of October 22, 2020, and as subsequently amended pursuant to that certain *Amendment No. 2*, dated as of October 18, 2022, and as may be further amended, restated, supplemented, waived, or otherwise modified from time to time).

**RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Debtor Company will provide certain adequate protection to certain of the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order (the "Interim DIP Order") substantially in the form presented to each Governing Body of the Debtor Companies on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing or authorizing the same shall approve, such approval to be conclusively evidenced by the submission thereof for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement and the Interim DIP Order to which each Debtor Company is or will be subject, the actions and transactions contemplated thereby, and the performance of covenants and obligations by such Debtor Company thereunder, be, and each is hereby authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Debtor Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Credit Agreement (including all related agreements, instruments, certificates, joinders, consents, financing statements and other documents as he or she deems necessary or appropriate to carry out the intent and accomplish the purposes of the Loan Documents (as defined in the DIP Credit Agreement)), the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Debtor Company is or will be a party, including, but not limited to any global intercompany note, assignment of insurances, debenture, hypothec, security agreement, pledge agreement, share charge and any other security agreement or guaranty agreement (collectively with the DIP Credit Agreement, the Interim DIP Order, and the order of the CCAA Court recognizing the Interim DIP Order (such order, the "Canadian DIP Recognition Order"), the "DIP Documents"), pledge its property and grant any liens as required by the DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the respective Governing Body of each Debtor Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Debtor Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the terms as contemplated under the Interim DIP Order (collectively, the "Adequate Protection Transactions") and any related documents (collectively, the "Adequate Protection Documents").

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Debtor Company, as debtor and debtor in possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Financing and the Adequate Protection Transactions, including delivery of: (a) the DIP Documents, the Adequate Protection Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents or Adequate Protection Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent or the Secured Parties; and (c) such forms of deposit, account control agreements, blocked account agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Debtor Company to file or to

authorize the DIP Agent or the applicable Secured Parties (or any of their representatives) to file any Uniform Commercial Code (the "UCC") or Personal Property Security Act ("PPSA") financing statements, financing change statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Debtor Company that the DIP Agent or the applicable Secured Parties deems necessary or appropriate to perfect or evidence any lien or security interest granted under the Interim DIP Order, the Canadian DIP Recognition Order, and the other DIP Documents, including any such UCC or PPSA financing statement and financing change statements containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, all applicable filings in respect of intellectual and other property of each Debtor Company, in each case as the DIP Agent or the applicable Secured Parties may reasonably request to perfect or evidence the security interests of the DIP Agent or the applicable Secured Parties under the Interim DIP Order, the Canadian DIP Recognition Order, and the other DIP Documents.

RESOLVED, that the registered office service provider of TopCo be, and hereby is, authorized and instructed to update the Register of Mortgages and Charges of TopCo and make any other filings as required or necessary to reflect any security interests granted by TopCo under the DIP Documents.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Debtor Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses payable in connection with the DIP Financing or Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Debtor Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents or Adequate Protection Documents, which shall in his or her sole judgment be necessary, proper, or advisable to perform any of such Debtor Company's obligations under or in connection with the DIP Documents or the Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## Organizational Document Amendments

RESOLVED, that the Amending Party, acting in its Amending Capacity with respect to the applicable Company, hereby approves the Organizational Document Amendment, such that the Organizational Document Amendment shall be effective immediately prior to the filing of the first Petition to be filed by any of the Companies;

RESOLVED, that the Amending Party, each acting in its Amending Capacity with respect to its applicable Company, hereby authorize and direct the Authorized Officers, and any one of them, to prepare, execute and deliver, in the name and on behalf of the Company, such agreements, documents or other instruments as any Authorized Officer may deem necessary, proper, or advisable to evidence the Organizational Document Amendment approved by the immediately preceding resolution; provided, that nothing in this resolution

is intended to imply that any such agreement, document or instrument is so needed, the intent of this resolution being that the immediately preceding resolution and **Exhibit C** attached hereto are, in and of themselves, sufficient to effect the Organizational Document Amendment approved thereby and the authority granted to the Authorized Officers in this resolution is merely supplemental thereto should any such Authorized Officer deem it necessary, proper, or advisable to otherwise or additionally document such Organizational Document Amendment.

**General**

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Officer's (or his or her designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the respective Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Governing Body of each Company.

RESOLVED, that each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Karthik Arumugam

Paul Ciaramitaro

Janine Yetter

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON** <u>ATTACHMENT 1</u>

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

DocuSigned by:

_____
3E6D7137EE1C4EF

Karthik Arumugam

DocuSigned by:

_____
FFF5D9D9C57E4FB...

Gregory J. Hiscock

DocuSigned by:

_____
402763BE363E4E5...

Janine Yetter

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT 2</u>**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Karthik Arumugam

Paul Ciaramitaro

Gregory J. Hiscock

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT 3</u>**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

_Gregory J. Hiscock_

**BEING AN AUTHORIZED OFFICER WITH SOLE SIGNING AUTHORITY OF EACH COMPANY LISTED ON <u>ATTACHMENT 4</u>**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Signed by:

*Craig Evans*

6356CD2F883B400...

Craig Evans

DocuSigned by:

*Greg Hiscock*

FFF5D9D9C57E4FB...

Gregory J. Hiscock

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT 5</u>**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

DocuSigned by:

*Greg Hiscock*

FFF5D9D9C57E4FB...

Gregory J. Hiscock

Signed by:

*Stavros Pethakas*

B41792B00F4E4B6...

Steve Pethakas

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON** <u>**ATTACHMENT 6**</u>

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.



Steve Pethakas

**BEING AN AUTHORIZED OFFICER WITH SOLE SIGNING AUTHORITY OF MITEL DEUTSCHLAND GMBH**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Signed by:

*Craig Evans*

6356CD2F883B400...

Craig Evans

DocuSigned by:

*Greg Hiscock*

FFF5D9D9C57E4FB...

Gregory J. Hiscock

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF MITEL EUROPE LIMITED**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.



Anthony Bellomo



Gregory Hiscock

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF MITEL NETWORKS CORPORATION**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Paul Ciaramitaro

Janine Yetter

**BEING THE MEMBER OF THE
BOARD OF DIRECTORS OF MNC I INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

_____
Karthik Arumugam

_____
Anthony Bellomo

_____
Janine Yetter

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF MITEL LEASING INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

**MLN US HOLDCO LLC**

BY MLN US TOPCO, INC., SOLE MEMBER

Name: Gregory J. Hiscock

Title:   Secretary

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

> **UNIFY COMMUNICATIONS AND COLLABORATION GMBH & CO. KG**
>
> BY UNIFY FUNDING GMBH, GENERAL PARTNER
>
> *Greg Hiscock*
> ————————————————————
> Name: Gregory J. Hiscock
> Title:   Officer

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Signed by:

*Stuart Aldridge*

0A0D63F3C4F2413...

Stuart Aldridge

DocuSigned by:

*Greg Hiscock*

FFF5D9D9C57E4FB...

Gregory J. Hiscock

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF UNIFY HOLDING UK 1 LIMITED**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

**UNIFY SOFTWARE AND SOLUTIONS GMBH & CO. KG**

BY UNIFY FUNDING GMBH

DocuSigned by:

*Greg Hiscock*

FFF5D9D9C57E4FB...

Name: Gregory J. Hiscock

Title:   Officer

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Francois Dekker

Andrew Kidd

Julian Nemirovsky

Nicolo Zanotto

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF MLN TOPCO LTD.**

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

Andrew Frey

David Fuller

Andrew Kidd

Tarun Loomba

Julian Nemirovsky

Adam Reiss

Erol Uzumeri

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF MITEL NETWORKS (INTERNATIONAL) LIMITED**

**Attachment 1**

| COMPANY | JURISDICTION |
|---|---|
| Mitel Networks, Inc. | Delaware |
| Mitel US Holdings, Inc. | Delaware |

**Attachment 2**

| COMPANY | JURISDICTION |
|---|---:|
| Mitel (Delaware), Inc. | Delaware |
| Mitel Cloud Services, Inc. | Texas |
| Mitel Communications, Inc. | Delaware |

**Attachment 3**

| COMPANY | JURISDICTION |
| --- | ---: |
| Mitel Business Systems, Inc. | Arizona |
| Mitel Technologies, Inc. | Arizona |
| Unify, Inc. | Delaware |

**Attachment 4**

| COMPANY | JURISDICTION |
|---|---:|
| MLN DE HoldCo GmbH | Germany |
| Unify Beteiligungsverwaltung GmbH & Co. KG | Germany |
| Unify Funding GmbH | Germany |
| Unify International Verwaltung GmbH | Germany |

**Attachment 5**

| COMPANY | JURISDICTION |
|---|---|
| Mitel Networks Holdings Limited | United Kingdom |
| Mitel Networks Limited | United Kingdom |

**Attachment 6**

| COMPANY | JURISDICTION |
|---|---|
| Unify Enterprise Communications Ltd. | United Kingdom |
| Unify Enterprise UK Holdings Ltd. | United Kingdom |
| Unify UK International Limited | United Kingdom |

## Exhibit A

**Debtor Companies**

|  | **COMPANY** |
|---|---|
| 1. | Mitel (Delaware), Inc. |
| 2. | Mitel Business Systems, Inc. |
| 3. | Mitel Cloud Services, Inc. |
| 4. | Mitel Communications Inc. |
| 5. | Mitel Europe Limited |
| 6. | Mitel Leasing, Inc. |
| 7. | Mitel Networks (International) Limited |
| 8. | Mitel Networks Corporation |
| 9. | Mitel Networks, Inc. |
| 10. | Mitel Technologies, Inc. |
| 11. | Mitel US Holdings, Inc. |
| 12. | MLN TopCo Ltd. |
| 13. | MLN US HoldCo LLC |
| 14. | MLN US TopCo Inc. |
| 15. | MNC I Inc. |
| 16. | Unify Inc. |

**Exhibit B**

**RSA Company Parties**

| | COMPANY |
|---|---|
| 1. | Mitel (Delaware), Inc. |
| 2. | Mitel Business Systems, Inc. |
| 3. | Mitel Cloud Services, Inc. |
| 4. | Mitel Communications Inc. |
| 5. | Mitel Deutschland GmbH |
| 6. | Mitel Europe Limited |
| 7. | Mitel Leasing, Inc. |
| 8. | Mitel Networks (International) Limited |
| 9. | Mitel Networks Holdings Limited |
| 10. | Mitel Networks Corporation |
| 11. | Mitel Networks Limited |
| 12. | Mitel Networks, Inc. |
| 13. | Mitel Technologies, Inc. |
| 14. | Mitel US Holdings, Inc. |
| 15. | MLN DE HoldCo GmbH |
| 16. | MLN TopCo Ltd. |
| 17. | MLN US HoldCo LLC |
| 18. | MLN US TopCo Inc. |
| 19. | MNC I Inc. |
| 20. | Unify Beteiligungsverwaltung GmbH & Co. KG |
| 21. | Unify Communications and Collaboration GmbH & Co. KG |
| 22. | Unify Enterprise Communications Ltd. |
| 23. | Unify Enterprise UK Holdings Ltd. |
| 24. | Unify Funding GmbH |
| 25. | Unify Holding UK 1 Limited |
| 26. | Unify Inc. |
| 27. | Unify International Verwaltung GmbH |
| 28. | Unify Software and Solutions GmbH & Co KG |
| 29. | Unify UK International Limited |

**Exhibit C**

**Organizational Document Amendment**

| COMPANY | AMENDING PARTY |
|---|---|
| MLN US HoldCo LLC | MLN US TopCo Inc. |

The Limited Liability Company Agreement of the entity set forth in the table above, as thereafter amended, is, and hereby is, amended as follows to include the following rider:

> "Notwithstanding anything to the contrary herein or in the Act, no Member shall cease to be a member of the Company upon the happening to the Member of any of the events of bankruptcy described in Section 18-304 of the Act. The death, retirement, resignation, expulsion, incapacity, bankruptcy or dissolution of any or all Members in the Company, shall not cause a dissolution of the Company, and the Company shall continue in existence subject to the terms and conditions of this Agreement."

| Fill in this information to identify the case: |
| --- |

Debtor name    MLN US Holdco LLC, *et al.*

United States Bankruptcy Court for the:   Southern   District of   Texas
                                                          (State)

Case number (If known):   _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
                                                             12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Estech Systems IP, LLC** 3701 E Plano Parkway, Suite 300 Plano, TX 75074-1806 | Attn: Karen Boyd P: 972-422-9700 kboyd@esi-estech.com | Contractual Obligation | | | | **$2,100,000.00** |
| 2 | **Amazon Web Services Inc** 410 Terry Ave North Seattle, WA 98109-5210 | Attn: Akshay Sampath P: 416-618-0154 sampaaks@amazon.com | Trade Debt | | | | **$1,341,249.21** |
| 3 | **Rackspace US Inc** PO Box 730759 Dallas, TX 75373-0759 | Attn: Razi Parvez Gaffoor P: 647-292-8929 raziparvez.gaffoor@rackspace.com | Trade Debt | | | | **$1,301,685.44** |
| 4 | **Martello Technologies Corporation** 390 March Rd, Suite 110 Kanata, ON K2K 0G7 Canada | Attn: Vijita Namboothiri P: 613-271-5989 vnamboothiri@martello.com | Trade Debt | | | | **$1,256,623.88** |
| 5 | **ASC Americas Inc** 101 Crawfords Corner Rd Suite 4126 Holmdel, NJ 7733 | Attn: Neil Bonser P: 848-229-3388 n.bonser@asctechnologies.com | Trade Debt | | | | **$1,007,059.06** |
| 6 | **HCL Technologies Limited** 806, Siddharth, 96, Nehru Pl New Delhi, 110019 India | Attn: Manit Kumar P: 203-524-3209 manit.k@hcltech.com | Trade Debt | | | | **$888,258.94** |
| 7 | **Wistron Corporation** No. 1, Zhihui Rd, Zhubei City Hsinchu, 302059 Taiwan | Attn: Delia Liu P: 886-3-5770707 delia_liu@wistron.com | Trade Debt | | | | **$791,171.79** |
| 8 | **1111 Systems Inc** 695 Route 46, Suite 301 Fairfield, NJ 7004 | Attn: Kerry Sabo P: 717-269-2231 ksabo@1111systems.com | Trade Debt | | | | **$655,711.02** |

Debtor    MLN US Holdco LLC, *et al.*      Case number *(if known)*_____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Granite Park NM GP IV LP** PO Box 207329 Dallas, TX 75320-7329 | Attn: Nicole Rustin P: 972-731-2395 nrustin@graniteprop.com | Lease Obligation | | | | $599,118.35 |
| 10 | **Ascom Sweden AB** P.O. BOX 8783 SE-402 76 Gothenburg Sweden | Attn: Karin Fogelberg P: +46 31 55-9410 karin.fogelberg@ascom.com | Trade Debt | | | | $567,702.53 |
| 11 | **CPA Global** 3133 W Frye Road Chandler, AZ 85226 | Attn: Eric Winston P: 866-739-2239 eric.winston@clarivate.com | Trade Debt | | | | $525,497.72 |
| 12 | **Workday Limited** Kings Bldg 152 155 Church St Dublin, D7 Ireland | Attn: Irem Toprac P: 647-913-9636 accounts.receivable@workday.com | Trade Debt | | | | $487,003.00 |
| 13 | **Softchoice LP** 20 Mowat Ave Toronto, ON M6K 3E8 Canada | Attn: Sabrina Mahdi P: 514-846-7540 sabrina.mahdi@softchoice.com | Trade Debt | | | | $480,293.45 |
| 14 | **Innovatia Technical Services Inc** 1 Germain St Saint John, NB E2M 2G1 Canada | Attn: Heather Boulter P: 506-717-0063 heather.boulter@innovatia.net | Trade Debt | | | | $401,275.07 |
| 15 | **Softtek Integration Systems Inc** 15303 North Dallas Pkwy, Suite 200 Addison, TX 75001 | Attn: Silvia Rivera P: 936-718-0822 silvia.rivera@softtek.com | Trade Debt | | | | $350,147.68 |
| 16 | **IDI Billing Solutions** 7615 Omnitech Place Victor, NY 14564 | Attn: Carmen DeFeo P: 585-453-6681 cdefeo@idibilling.com | Trade Debt | | | | $324,743.18 |
| 17 | **EBQ LLC** 6800 Burleson Rd, Building 310, Suite 265 Austin, TX 78744 | Attn: Christina Harmel P: 512-637-9253 christina.harmel@ebq.com | Trade Debt | | | | $320,000.00 |
| 18 | **Zuora Inc** 101 Redwood Shores Parkway Redwood City, CA 94065 | Attn: Kennedy Ottenbreit P: 650-641-3777 kottenbreit@zuora.com | Trade Debt | | | | $319,140.26 |
| 19 | **Concentrix CVG Customer Management** 201 E. 4th St Cincinnati, OH 45202 | Attn: Denise Goodrum P: 615-523-5450 svs_agencybilling@concentrix.com | Trade Debt | | | | $299,930.94 |
| 20 | **TC III SPP South LLC** 1 Almaden Blvd, Suite 630 San Jose, CA 95113 | Attn: Lita Cunanan P: 408-436-3608 lita.cunanan@cushwake.com | Lease Obligation | | | | $292,318.68 |

Debtor  MLN US Holdco LLC, *et al.*                                    Case number *(if known)*_____
        <sub>Name</sub>

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Microautomation Inc** 5870 Trinity Pkwy, Suite 600 Centreville, VA 20120-1970 | Attn: Chris Gray P: 703-543-2104 cgray@microautomation.com | Trade Debt | | | | **$284,253.72** |
| 22 | **Syntax Systems Limited** 111 Robert Bourassa Blvd, Suite 4500 Montreal, QC H3C 2M1 Canada | Attn: Pascal Galipeau P: 819-431-3425 pgalipeau@beyondtechnologies.ca | Trade Debt | | | | **$272,679.77** |
| 23 | **Genesys Cloud Services Inc** 2001 Junipero Serra Blvd Daly City, CA 94014 | Attn: Paulo Sousa P: 703-673-1752 genesyslicensing@genesys.com | Trade Debt | | | | **$270,832.13** |
| 24 | **Movate Inc** 5600 Tennyson Pkwy, Suite 255 Plano, TX 75024 | Attn: Deepak Dwarakanath P: 704-890-8274 accounts.receivable@movate.com | Trade Debt | | | | **$252,912.00** |
| 25 | **Shenzhen Dinstar Co Ltd** Room 1801-1804, Building 7A, 44 Shenzhen, CN 518000 China | Attn: Lily Luo P: +86 755-26456664 lily@dinstar.com | Trade Debt | | | | **$251,649.00** |
| 26 | **Tech Mahindra Limited** 4965 Preston Park Blvd, Suite 500 Plano, TX 75093 | Attn: Rakshanda Srivastava P: 214-974-9907 rakshandas1@bsraffiliates.com | Trade Debt | | | | **$250,669.55** |
| 27 | **People AI Inc.** 548 Market Street 58279 San Francisco, CA 94104-5401 | Attn: Sheldon Buytenhuys P: 888-997-3675 sheldon.buytenhuys@people.ai | Trade Debt | | | | **$243,236.16** |
| 28 | **RingCentral Inc** PO Box 734232 Belmont, CA 94002 | Attn: Nancy Leone P: 408-309-4011 collections@ringcentral.com | Contract Counterparty | Unliquidated | | | **Unliquidated** |
| 29 | **Atos[1]** River Ouest - 80 Quai Voltaire Bezons, Cedex 95877 France | Attn: Alison Pearsall P: + 33 (0)6 76 89 95 90 alison.pearsall@eviden.com | Contract Counterparty | CUD | | | **Unliquidated** |
| 30 | **Nice Systems Inc[2]** 221 River St, 10th Floor Hoboken, NJ 7030 | Attn: Jay Frank P: 212-774-3640 jay@nicetouch.net | Contract Counterparty | CUD | | | **Unliquidated** |

---

[1] The claim ascribed to this party is the subject of a prepetition settlement agreement, which the Debtors are seeking to assume via motion that will be filed on or shortly after the Petition Date.

[2] The claim ascribed to this party is the subject of a prepetition settlement agreement, which the Debtors are seeking to assume via motion that will be filed on or shortly after the Petition Date.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Mitel Cloud Services, Inc. | § | Case No. 25-(        )( ) |
|  | § |  |
| Debtor. | § |  |
|  | § |  |
|  | § |  |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the debtor respectfully represents that the below chart identifies the holders of the debtor's sole class of equity interests and sets forth the nature and percentage of such interests held as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Amount of Interest | Mailing Address of Interest Holder |
|---|---|---|
| Mitel Networks, Inc. | 100% of Common Interests | c/o MLN US HoldCo LLC<br>2160 W Broadway Road, Suite 103<br>Mesa, Arizona 85202 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | §   Chapter 11 |
| | § |
| Mitel Cloud Services, Inc. | §   Case No. 25-(    )(  ) |
| | § |
|              Debtor. | § |
| | § |
| | § |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies corporations that own 10% or more of the debtor's equity interests as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Percentage of Interest |
|---|---|
| Mitel Networks, Inc. | 100% of Common Interests |

**Fill in this information to identify the case and this filing:**

Debtor Name    Mitel Cloud Services, Inc.

United States Bankruptcy Court for the:    Southern    District of    Texas
                                                                           (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration _____ Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

✘ /s/ Janine Yetter

Executed on   03/09/2025       Signature of individual signing on behalf of debtor
         MM / DD / YYYY

Janine Yetter
Printed name

Authorized Signatory
Position or relationship to debtor